UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY FAYE COGGINS RAY,<br><br>                              Plaintiff,<br>     vs.<br><br>MATTHEW TSUNODA, SAN DIEGO POLICE OFFICER DAVIS, JUAN ESTRADA, the CITY OF CHULA VISTA, and DOES 1-30, inclusive,<br><br>                              Defendants. | CASE NO. 03cv1884 DMS (BLM)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket No. 57]** |

This matter comes before the Court on Defendants' motion for summary judgment. Plaintiff has filed an opposition to the motion. Defendants did not file a reply. The motion came on for hearing on February 29, 2008. Plaintiff appeared on her own behalf, and Messrs. Madsen and Miesfeld appeared on behalf of Defendants.

The present motion raises the issue whether Defendants are entitled to qualified immunity from Plaintiff's claim of excessive force. Defendants raised this issue in a previous motion for summary judgment, which the Court granted. On appeal, however, the Ninth Circuit reversed the Court's decision based on its conclusion that Plaintiff "raised a triable issue as to whether defendants' use of force amounted to a constitutional violation[.]"[1] In light of that conclusion, the Ninth Circuit

---

[1] The Circuit Court noted that Plaintiff claimed the officers "threw" her onto a couch after she was "already handcuffed."

1 remanded the case to this Court to "reconsider whether a reasonable officer would have known such
2 actions were unconstitutional."

3 Defendants argue that a reasonable officer faced with the situation presented here would not have known that his actions were unconstitutional. According to Plaintiff, however, the officers used excessive force in detaining Plaintiff as her dogs were locked in a bedroom when the officers entered her residence, and she was not interfering with their execution of the warrant. (*See* Pl.'s Mot. at 10.) Assuming these facts are true, a triable issue of fact exists as to whether a reasonable officer would have known that his actions, *i.e.*, throwing Plaintiff onto a couch after she already had been handcuffed, were unreasonable. Therefore, Defendants are not entitled at this stage of the proceedings to qualified immunity from Plaintiff's excessive force claim. Triable questions of fact remain that must be addressed by the jury before the Court can determine whether Defendants are entitled to qualified immunity on Plaintiff's claim.

For these reasons, Defendants' motion for summary judgment is respectfully denied.

**IT IS SO ORDERED**.

DATED: March 5, 2008

_____
HON. DANA M. SABRAW
United States District Judge